## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | **CRIMINAL NO. 08-497** |
| | : | |
| v. | : | |
| | : | |
| RAFAEL RONDON-HERRERA | : | |
| | : | |
| | : | |
| **Diamond, J.** | | **October 1, 2009** |

### MEMORANDUM

I must determine in this case whether an adult defendant's prior conviction for statutory sexual assault of an eight-year-old girl constitutes a "crime of violence" warranting an enhancement under the Sentencing Guidelines. I determine that it is.

### I.    BACKGROUND

"The facts of this case are in large degree unusual and undisputed." *Defendant's Sentencing Memorandum, Doc. No. 29 at 2.* On January 30, 2009, Defendant, Rafael Rondon-Herrera, pled guilty before me to being a previously-convicted felon in possession of a firearm. 18 U.S.C. § 922(g)(1). His sentencing for that crime is to take place on October 19, 2009.

### A.    Defendant's Prior Convictions

On July 24, 2007, Defendant pled *nolo contendere* in the Philadelphia Common Pleas Court to statutory sexual assault and corrupting the morals of a minor.   18 Pa. Cons. Stat.  §§ 3122.1, 6301.   The Commonwealth was prepared to prove that on October 20, 2004, Defendant took several children from an after-school program to a tire

1

shop.  See *Doc. No. 29, Ex. A at 15-16.*  Then thirty-four years old, Defendant led one of

the children –  the eight-year-old daughter of his girlfriend –  to the back of the shop and

had sexual intercourse with her.  When police examined the dress the child was wearing,

they found it was soiled with an enzyme predominantly found in human semen.  *Id.*

The Commonwealth originally charged Defendant with rape and related offenses.

18 Pa. Cons. Stat. § 3121.  When its witnesses failed to appear in court, the

Commonwealth withdrew and then reinstated prosecution.  The Parties eventually agreed

that Defendant would plead *nolo contendere* to reduced charges of statutory sexual

assault and corrupting the morals of a minor, and stipulated the Defendant would be

sentenced for these offenses to two consecutive five-year terms of probation.  See *Doc.*

*No. 29 at 2, Ex. A at 20-21.*

At the outset of his state court plea hearing, Defendant, who was assisted by a

translator, stated "I didn't do it." *Doc. No. 29, Ex. A at 9.*  The court advised Defendant

that if he "[did] not want to enter a no contest plea, then we will have a jury trial." *Id. at*

*9.*  After speaking with his lawyer, Defendant stated, "[w]e are here today to do the no

contest." *Id.*  Defendant then participated in an extensive colloquy during which his

competence and mental state were explored, and the factual basis and elements of the

charges and myriad related rights were explained.  *Id. at 9-20.*  Defendant pled no contest

to the charges.  The court made the following findings:

> The Court:  Mr. Rondon, the Court listened to the answers that you gave to the
> questions [asked during the plea colloquy].  The Court is satisfied that you do
> understand what you're doing today.  The Court also is satisfied that you have not
> been forced or threatened in order to get you to offer this no contest plea.  Finally,
> the Court listened to the summary of the facts for the events that occurred
> beginning on October 20th of 2004, and is satisfied that the summary of events
> does make out the elements of statutory sexual assault and of corrupting the
> morals of a minor.  *Id. at 18-19.*

The court then accepted Defendant's no contest plea, "enter[ed] verdicts of guilty [on the] two charges," and sentenced Defendant to the stipulated sentence of ten years probation.  *Id. at 19-20.*

B.      The Instant Offense

At the time of his *nolo* plea, Defendant was "a citizen of the Dominican Republic . . . [with] an alien registration card (green card)."  *Doc. No. 29 at 2.*  Although his state court counsel had advised Defendant that a sexual assault conviction would not affect his immigration status, on June 28, 2008, Immigration and Custom Enforcement agents went to Defendant's home to serve a warrant for his detention.  See *Doc. No. 28.*  The agents sought to retrieve Defendant's passport, which he kept in a locked box along with a fully loaded Smith & Wesson handgun.   Defendant told the agents that he owned the firearm, which he had legally purchased in 2003.  See *Doc. No. 29 at 2-3.*   After his sexual assault conviction, however, his continued possession of the gun violated federal law.  See 18 U.S.C. § 922(g)(1).  Accordingly, on August 21, 2008, Defendant was charged with being a felon in possession of a firearm.  Defendant pled guilty before me several months later.

C.      Sentencing

Under Guidelines §2K2.1(a)(4)(a), a base offense level of twenty applies when "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a *crime of violence* or a controlled substance offense."  U.S.S.G. §2K2.1(a)(4)(a) (emphasis added).  In its Presentence Investigation Report, the Probation Department did not designate either Defendant's conviction for statutory sexual assault or for corrupting the morals of a minor as a "crime of violence."  Probation thus determined that Defendant's base level was fourteen.  *PSIR ¶ 16 n.1.*  The

Government objected, arguing that because statutory sexual assault is a crime of violence, the base offense level should be twenty.  *Doc. No. 28 at 4.*   Pursuant to my May 5, 2009 Order, both sides have fully briefed this issue.

II.        DISCUSSION

Defendant makes three arguments in response to the Government's objection to the Presentence Investigation Report: 1) that under the Supreme Court's "formal categorical approach," because § 3122.1 (Pennsylvania's statutory sexual assault law) does not require proof of the use of force, Defendant's § 3122.1 conviction was not for a "crime of violence"; 2) that because a violation of § 3122.1 does not invariably "present a risk of serious bodily injury," under the Supreme Court's decision in United States v. Begay, Defendant's prior conviction was not for a "crime of violence"; and 3) that Defendant's plea of *nolo contendere* precludes my recognizing any of the facts and circumstances underlying his 2007 convictions.  These arguments are meritless.

A.        Formal and Modified Categorical Approaches

1.        Legal Standards

The Application Notes to Guidelines § 2K2.1 provide that "crime of violence" has the meaning given in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.  Section 4B1.2(a) provides:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

4

The Commentary to § 4B1.2 adds that "crimes of violence" include offenses where the "conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2.

The Parties agree that a violation of § 3122.1 is a second degree felony under Pennsylvania law punishable by a term of up to ten years imprisonment.  18 Pa. Cons. Stat. § 1103.  They also agree that § 3122.1 does not include as an element "the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a); see 18 Pa. Cons. Stat. § 3122.1.  Finally, the Parties agree that Defendant's § 3122.1 conviction is not for "burglary of a dwelling, arson, or extortion," and does not "involve[] the use of explosives."  That is where their agreement ends, however.

The Government contends that Defendant's § 3122.1 conviction was for a crime of violence within the meaning of § 4B1.2(a) because it "involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).  Defendant does not agree.

In determining whether a crime is one "of violence," courts often employ a "formal categorical approach": they may "look only to the fact of conviction and the statutory definition of the prior offense," but may not examine "the particular facts underlying [that conviction]."  Taylor v. United States, 495 U.S. 575, 600 (1990).  The court thus may not determine whether the criminal conduct under review is violent; rather the court may determine only whether the charged crime as defined by statute is

violent.  See Chambers v. United States, 129 S. Ct. 687, 690 (2009) (the failure to report

to penal confinement is a violent felony under the Armed Career Criminals Act).

Where a statute could encompass both violent and nonviolent conduct, however,

courts employ a "modified categorical approach," which allows them to consider the

records underlying the prosecution as well as the statute's language.  See Shepard v.

United States, 544 U.S. 13, 26 (2005); see also United States v. Williams, 529 F.3d 1, 4

(1st Cir. 2008) ("If, however, the statute's text is broad enough to criminalize both violent

and non-violent conduct, the court . . . may inspect the record of conviction in order to

determine whether a defendant was actually charged with an offense that involved violent

or potentially violent conduct.") (internal quotation marks omitted).

2.      Pennsylvania's Statutory Sexual Assault Law

Pennsylvania defines statutory sexual assault as follows:

> Except as provided in section 3121 (relating to rape), a person commits a felony
> in the second degree when that person engages in sexual intercourse with a
> complainant under the age of 16 years and that person is four or more years older
> than the complainant and the complainant and the person are not married.  18
> Cons. Stat. § 3122.1.

The term "sexual intercourse" is further defined as the "ordinary meaning" of

sexual intercourse as well as "intercourse per os or per anus, with some penetration

however slight; emission is not required." 18 Pa. Cons. Stat. § 3101.

3.      The Formal Categorical Approach

Three Circuits have held that under a formal categorical approach, statutory rape

statutes like § 3122.1 – prohibiting sex between adults and children younger than sixteen

– are per se crimes of violence.  See United States v. Ivory, 475 F.3d 1232, 1236-37

(11th Cir. 2007) (Alabama statutory rape law) ; United States v. Pierce, 278 F.3d 282,

284 (4th Cir. 2002) (North Carolina statute prohibiting indecent liberties); <u>United States v. Daye</u>, 571 F.3d 225, 228-32 (2d Cir. 2008) (Vermont statutory sexual assault law).

The reasoning underlying these decisions is compelling: a sexual act between an adult and a child younger than sixteen necessarily carries a substantial risk that "physical force will be used to coerce compliance and that physical injury will occur." <u>Ivory</u>, 475 F.3d at 1238; <u>See</u> <u>Daye</u>, 571 F.3d at 232 (when "an adult inflicts a sexual act upon a child, the nature of the conduct and the child's relative physical weakness give rise to a substantial likelihood that the adult may employ force to coerce the child's accession, thereby creating a serious risk that physical injury will result."); <u>Pierce</u>, 278 F.3d at 289 (although the North Carolina indecent liberties statute prohibits conduct that does not involve any physical contact, "in most instances, convictions under [the] statute have involved offenses committed in close proximity to victims so as to create a serious risk of physical injury.").

Section 3122.1 is of a piece with the statutes analyzed in <u>Ivory</u>, <u>Pierce</u>, and <u>Daye</u>. The Pennsylvania Supreme Court has explained that § 3122.1 was intended to "protect children from sexual predators and the harms that children under the age of 16 may experience from both consensual and non-consensual sexual contact with both adults and older teenagers." <u>Commonwealth v. Albert</u>, 758 A.2d 1149, 1153 (Pa. 2000) (internal citations omitted).  Because of the youth of those § 3122.1 is intended to protect, and because of the risk of serious physical injury and violent coercion inherent in sex between adults and children, I conclude that under the formal categorical approach, conduct prohibited by § 3122.1 qualifies as a "crime of violence" under the Sentencing Guidelines.

Defendant relies heavily on United States v. McLaughlin, where the Court held that a § 3122.1 conviction is not a crime of violence under the Guidelines. 2006 WL 2562113, at *5-6 (M.D. Pa. Sept. 5, 2006). Interestingly, the McLaughlin Court concluded that even under a formal categorical approach, it could consider the underlying charging documents to learn the age of Mr. McLaughlin's victim – thirteen:

> The complainant's age, as set forth in the information, is an essential element of the crime and therefore is an entirely appropriate piece of material for this Court to consider. Id. at *3.

The Court also ruled that because, under a formal categorical approach, it could not consider the underlying facts, Mr. McLaughlin's § 3122.1 conviction was not for a crime of violence. Although I disagree with that determination, it is distinguishable, given the difference in the ages of Mr. McLaughlin's victim (thirteen) and Defendant's victim (eight). Moreover, McLaughlin issued a year before the Third Circuit decided when courts should employ a modified categorical approach. See United States v. Siegal, 477 F.3d 87, 90-91 (3d Cir. 2007). It is apparent that the McLaughlin Court's decision would have been different had it been permitted to consider the facts underlying Mr. McLaughlin's § 3122.1 conviction. See McLaughlin, 2006 WL 2562113, at *5.

In these circumstances, my conclusion remains the same: under a formal categorical approach, Defendant's § 3122.1 conviction is for a crime of violence under the Guidelines.

4.      The Modified Categorical Approach

Defendant argues vigorously that under a formal categorical approach, his § 3122.1 conviction was not for a crime of violence because all conduct prohibited by § 3122.1 "does not necessarily involve violence or aggression." *Doc. No. 29 at 7.* I do

8

not agree.  Assuming, *arguendo*, that Defendant is correct, however, I conclude in the alternative that under a modified categorical approach, conduct prohibited by § 3122.1 is violent.

The Third Circuit has held that courts should employ the modified approach when "(1) the language of the particular state statute at issue invite[s] inquiry into the underlying facts of the case, or (2) the disjunctive phrasing of the statute similarly invites inquiry into the specifics of the conviction." Siegal, 477 F.3d at 90-91 (citing Singh, 383 F.3d at 148) (internal quotation marks omitted).  The Siegal Court considered whether the defendant's Pennsylvania conviction for indecent assault was a "crime of violence" within the meaning of § 4B1.2(a).  18 Pa. Cons. Stat. § 3126.  In undertaking this analysis, the Court emphasized that "[t]he key to determining the disjunctive nature of a statutory definition is whether the provision is disjunctive in a relevant sense; not necessarily whether the statute is formally divided into separate subsections."  Id. At 91. Because the Pennsylvania indecent assault statute is "disjunctive" – prohibiting both violent and non-violent acts – the Siegal Court applied the modified categorical approach and examined the underlying charging documents.

Section § 3122.1 is plainly disjunctive in the sense employed by the Siegal Court. The statute prohibits intercourse based purely on the age of the participants.  It thus contemplates conduct that Defendant argues is not necessarily violent (i.e. sexual intercourse between a nineteen-year-old and a fifteen-year-old), and conduct that unquestionably is violent (i.e. sexual intercourse between an adult and an eight-year-old child).   Section 3122.1's disjunctive nature thus "invites inquiry into the underlying facts of the case." Siegal, 477 F.3d at 92.

Although the Third Circuit has not decided whether § 3122.1 requires application of the modified categorical approach, other circuits have applied the modified approach to statutes quite similar to § 3122.1.   See United States v. Sacko, 247 F.3d 21, 23 (1st Cir. 2001) (Because the Rhode Island statutory rape law "encompasses both violent and non-violent felonies, a sentencing court may go beyond the statutory language and evaluate charging documents or jury instructions . . . to determine the ages of the defendant and the victim."); United States v. Sawyers, 409 F.3d 732, 742 (6th Cir. 1997) (Tennessee statutory rape law that protects sixteen and seventeen years olds encompassed sufficiently broad conduct to abandon the formal categorical approach for consideration of information in the charging documents); United States v. Thomas, 159 F.3d 296, 298-300 (7th Cir. 1998) (it was appropriate under a modified categorical approach for the sentencing court to examine charging documents from the defendant's earlier Illinois statutory rape conviction to determine victim's age).

In examining the Information the Commonwealth filed against Defendant in 2005, I have not undertaken a detailed evidentiary inquiry, but merely taken notice that at the time of the assault, the victim was eight years old.  Sex between Defendant and his victim – whether "intercourse" within its "ordinary meaning" or "intercourse per os or per anus, with some penetration however slight" – was obviously an act of violence.   By its very nature, intercourse between an adult and a prepubescent child involves the application of force, violence, and coercion, and presents a significant risk of serious physical injury to the child.  See United States v. Shannon, 110 F.3d 382, 387-89 (7th Cir. 1997) (under the Guidelines, statutory rape of a thirteen-year-old committed by an adult was a crime of violence); Sacko, 247 F.3d at 24-25 (affirming district court's

10

conclusion that statutory rape of fourteen year old girl constituted a violent felony under the Armed Career Criminal Act).

Defendant does not take issue with the authority I have discussed.  Indeed, Defendant apparently does not dispute that intercourse with an eight-year-old necessarily is violent.  See, e.g., *Doc. No. 29 at 12.*  Rather, Defendant urges me to adhere to the formal categorical approach and so ignore all the facts underlying his 2007 conviction. As I have explained, however, under the formal categorical approach, Defendant's § 3122.1 conviction is a crime of violence.  Under a modified categorical approach – which allows me to recognize the age of Defendant's victim – the same result obtains. Accordingly, I again conclude that Defendant's § 3122.1 conviction was for a "crime of violence" under §2K2.1(a)(4)(a).

B.      Begay

In United States v. Begay, the defendant – who was convicted of being a felon in possession of a firearm – had been previously convicted of drunk driving under New Mexico law.  128 S.Ct. 1581 (2008).  In determining Mr. Begay's federal sentence, the district court ruled that his drunk driving conviction constituted a "crime of violence," warranting an increased sentence under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(2)(B).  The Tenth Circuit affirmed.  United States v. Begay, 470 F.3d 964 (10th Cir. 2006).  Reasoning that Congress did not intend every crime "present[ing] a serious potential risk of physical injury" would be categorized as a crime of violence, the Supreme Court reversed.  In the Court's view, only crimes similar to those examples set out in the Armed Criminal Career Act – burglary, arson, extortion, and crimes involving explosives – are violent.  18 U.S.C. § 924(e)(2)(B);  Begay, 128 S.Ct. at 1586.  The Court

noted that all these crimes "typically involve purposeful, violent, and aggressive conduct." Begay, 128 S.Ct. at 1586 (internal quotations marks omitted).

Begay controls here because the definition of a "violent felony" in the Armed Criminal Career Act is the same as the definition of a "crime of violence" in Guidelines § 4B1.2(a)(2): one that "presents a serious potential risk of physical injury." See United States v. Stinson, 574 F.3d 244, 246 (3d Cir. 2009), *rehearing en banc granted,* 2009 U.S. App. LEXIS 21202 (3d Cir. Sept. 24, 2009) ("Although this case involves the Guidelines, the definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Guidelines that authority interpreting one is generally applied to the other."); United States v. Tiger, 538 F.3d 1297, 1298 (10th Cir. 2008) (applying Begay factors to crime of violence inquiry under U.S.S.G. § 4B1.2); United States v. Seay, 553 F.3d 732, 738-39 (4th Cir. 2009) (same); United States v. Herrick, 545 F.3d 53, 58 (1st Cir. 2008) (same); United States v. Patterson, 576 F.3d 431, 439 (7th Cir. 2009) (same).

Defendant argues that under Begay, his § 3122.1 conviction was not for a "crime of violence" because even if the conduct prohibited by the statute poses a serious risk of injury, the offense does not involve "purposeful, violent, and aggressive conduct." I disagree.

The Begay Court emphasized that not every conceivable violation of a particular statute must be purposeful, violent, and aggressive for the conduct prohibited under the statute to constitute a "crime of violence." Rather, the Court held that the prohibited conduct must "*typically* involve purposeful, violent, and aggressive" conduct. Begay, 128 S.Ct. at 1586 (emphasis added); see Daye, 571 F.3d at 234 (finding that "Begay

12

does not require that *every* instance of a particular crime involve purposeful, violent, and aggressive conduct. Instead, all that is required is that a crime. . . *typically* involves purposeful, violent, and aggressive conduct.") (internal quotation marks omitted).  A "typical" violation of § 3122.1 is quite different than a "typical" violation of New Mexico's drunk driving law.  Sexual intercourse between an adult and any minor – let alone an eight-year-old girl – typically involves a serious degree of coercion and force: a minor typically has little or no ability to consent to such contact or to resist it. Accordingly, a violation of § 3122.1 "typically involve[s] purposeful, violent and aggressive conduct."  Begay, 128 S.Ct. at 1586; 18 Pa. Cons. Stat. § 3122.1.

This was the reasoning of the Second Circuit in concluding that a violation of Vermont's sexual assault statute is a "crime of violence" under Begay.  See Daye, 571 F.3d at 234.  The Daye Court noted that a violation of the Vermont Statute "involves deliberate and affirmative conduct – namely an intentional sexual act with a person who is, in fact, under the age of consent." 571 F.3d at 234.  The Court thus held that

> crimes involving sexual contact between adults and children create a substantial likelihood of forceful, violent, and aggressive behavior on the part of the perpetrator because a child has essentially no ability to deter an adult from using such force to coerce the child into a sexual act.  Id.

Other Courts have held similarly. See United States v. Rooks, 556 F.3d 1145, 1150 (10th Cir. 2009) ("sexual assault involving intentional penetration without consent is similar 'in kind as well as in degree of risk posed' to the example crimes set forth in § 4B1.2(a)'s commentary.") (internal citations omitted); Williams, 529 F.3d at 5-8 (knowingly transporting a minor with the intent that the minor engage in prostitution is a violent felony because "illicit sexual activity between an adult and a minor (at least a minor

below a certain age) poses a significant risk that force will be used," and because exposing children to these dangers is purposeful, violent, and aggressive.).

Two courts have disagreed with this analysis.  See United States v Christensen, 559 F.3d 1092, 1095 (9th Cir. 2009) (Washington statutory rape statute which applied to children at least fourteen years of age "does not necessarily involve either violent or aggressive conduct" and thus the statute did not *per se* satisfy the Begay standard) (internal quotation marks omitted); United States v. Thornton, 554 F.3d 443, 448-49 (4th Cir. 2009) (Virginia's carnal knowledge statute did not present immediate risks of violence and aggression and thus failed to meet the Begay standard).

I do not find the reasoning of the Ninth and Fourth Circuits persuasive because, as I have discussed, it is apparent that the behavior prohibited by § 3122.1 – sex between an adult and a minor – "typically involve[s] purposeful, violent, and aggressive conduct." Begay, 128 S.Ct. at 1586.  Accordingly, under Begay, Defendant's conviction under § 3122.1 was for a "crime of violence."

C.     Defendant Has Been Convicted of Statutory Sexual Assault

Finally, Defendant argues that the "facts [underlying his § 3122.1 conviction]. . . while regrettable if true, are neither legally meaningful nor conclusively established." *Defendant's Supplemental Sentencing Memorandum, Doc. No. 35 at 1.*  In Defendant's view, because he pled *nolo contendere*, he was not convicted of violating § 3122.1. Defendant further suggests that the purportedly equivocal manner in which he pled *nolo* somehow impugns the plea itself.

These arguments are without legal basis.  Under Pennsylvania law, a plea of *nolo contendere* has the same legal effect as a plea of guilty.  See Commonwealth v. Catanch,

581 A.2d 226, 227 (1990) ("we note that a plea of nolo contendere is treated the same as a guilty plea in terms of its effect upon a particular case."); Commonwealth v. Ferguson, 44 Pa. Super. 626, 1 (Pa. Super. Ct. 1910) ("A plea of nolo contendere, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty."); see also United States v. Adedoyin, 369 F.3d 337, 344 (3d Cir. 2004) (holding "a plea of nolo contendere [under California law] has the same legal consequences as a plea of guilty and results in a conviction.").

Accordingly, once the state court accepted Defendant's plea of *nolo contendere*, he stood convicted of violating § 3122.1.  Indeed, after accepting Defendant's *nolo* plea to statutory sexual assault and corrupting the morals of a minor, the court "enter[ed] verdicts of guilty [on those] two charges."  *Doc. No. 29, Ex. A at 19*;  See Moser v. Bascelli, 879 F.Supp. 489, 493 (E.D. Pa. 1995) (under Pennsylvania law, a "criminal defendant who offers a plea of nolo contendere to a given charge stands in the same shoes as one who has been convicted of the charged offense."); United States v. Arnold, 58 F.3d 1117, 1124, n.5 (6th Cir. 1995) (the defendant's *nolo* plea to assault with intent to commit sexual battery under Tennessee law has a similar legal effect as pleading guilty); United States v. Telles, 2009 WL 799003, at *1 (because a plea of *nolo contendere* "carries the same legal effect as a guilty plea," there is a factual basis for the court's determinating that the defendant's prior conviction was for a crime of violence) (non-precedential slip opinion).  See also U.S.S.G. §§ 4A1.2, § 4B1.2(C) (convictions based on pleas of *nolo contendere* are to be considered at sentencing).

The state court did not find Defendant's plea equivocal.  On the contrary, as I have discussed, the court found that the plea was knowing and voluntary, and that the

Commonwealth's factual summary made out a violation of § 3122.1.  I agree with Defendant that under United States v. Poellnitz, I "may not use any part of [Defendant's] plea colloquy to [show] that his prior offense was a crime of violence." *Defendant's Supplemental Sentencing Memorandum, Doc. No. 35, at 16*; see Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004) ("While a *nolo* plea is indisputably tantamount to a conviction, it is not necessarily tantamount to an admission of factual guilt.").  I have not considered Defendant's plea colloquy, however.  Rather, I have restricted my inquiry to the state charging document, which provides an element of the offense: that Defendant's victim was eight years old.   Nothing in Poellnitz or the other authority Defendant offers precludes such a limited inquiry.

III.    CONCLUSION

I am unable to find a reported opinion in which a federal court has held that the conduct like that presented here –sex between an adult and a prepubescent child – is not violent.  I sustain the Government's objection to the Presentence Investigation Report.  Defendant's 2007 conviction for statutory sexual assault of an eight-year-old girl "involves conduct that presents a serious potential risk of physical injury to another" under § 4B1.2(a), and "typically involve[s] purposeful, violent and aggressive conduct." Begay, 128 S.Ct. at 1586.  Accordingly, I conclude that Defendant's § 3122.1 conviction constitutes a "crime of violence" under the Sentencing Guidelines, and that his base offense level is twenty. U.S.S.G § 2K2.1(a)(4)(a).

/s *Paul S. Diamond*

Paul S. Diamond, J.

16